**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **SHI-LO NICHOLE SPENCE,** *Plaintiff,* | § § § § | |
| **VS.** | § | **CIVIL ACTION NO. 1:19-CV-00985** |
| **ARCO/MURRAY ASSOCIATES, INC., ARCO/MURRAY NATIONAL CONSTRUCTION CO., INC., AND SERETTA CONSTRUCTION, INC.,** *Defendants.* | § § § § § § | |

**DEFENDANT ARCO/MURRAY ASSOCIATES, INC.'S
NOTICE OF REMOVAL**

COMES NOW Defendant Arco/Murray Associates, Inc., and files this Notice of Removal, removing this case to federal court under 28 U.S.C. §§ 1141 and 1446, and in support there of, would show as follows:

**A. Introduction**

1. Plaintiff is Shi-Lo Nichole Spence. Defendants are Arco/Murray Associates, Inc., ("AM Associates"), Arco/Murray National Construction Co., Inc. ("AM National") and Seretta Construction, Inc. ("Seretta").

2. Plaintiff's alleged injuries arise out of an incident in which her 2009 Toyota Camry passenger vehicle was allegedly struck on the front of her vehicle by a "John Doe" operating a green Case 580N Backhoe Loader tractor. Plaintiff alleged that the "John Doe" was an employee of AM Associates and/or AM National and/or Seretta, and the "John Doe" employee was operating the tractor near a construction site within the course and scope of his employment.

3. Plaintiff filed this suit in the 345th Judicial District, Travis County, Texas, asserting causes of action for respondeat superior and several negligence theories.

4. Plaintiff's Original Petition states that she seeks monetary relief of greater than $200,000 but not more than 1,000,000.

5. Plaintiff resides in Travis County, Texas. AM Associates is a citizen of the State of Delaware and the State of Missouri. AM National is a citizen of the State of Delaware and the State of Illinois. Seretta is a citizen of the State of Florida. The "John Doe" employee's citizenship is not considered for purposes of determining diversity of citizenship because he had not been sued.

6. All defendants consent to this removal. As a result, there is diversity of citizenship among the parties, and Defendant AM Associates removes this case pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

**B. Basis for Removal**

7. Removal is proper under 28 U.S.C. §§ 1332 and 1446 because there is complete diversity of citizenship, the amount in controversy exceeds $75,000, and this removal is filed within 30 days after AM Associates was served with Plaintiff's Original Petition.

8. First, there is complete diversity between Plaintiff and Defendants, as required in 28 U.S.C. § 1332:

(a) Defendant AM Associates is a corporation, organized and existing under the laws of the State of Delaware, with its principal place of business in Missouri. (Ex. A-1). Therefore, AM Associates is a citizen of Delaware and Missouri.

(b) Defendant AM National is a corporation, organized and existing under the laws of the State of Delaware, with its principal place of business in Illinois. (Ex. A-2). Therefore, AM National is a citizen of Delaware and Illinois.

(c) Defendant Seretta is a corporation, organized and existing under the laws of the State of Florida, with its principal place of business in Florida. (Ex. A-3). Therefore, Seretta Construction, Inc. is a citizen of Florida.

(d) In her Original Petition, Plaintiff pleaded that a "John Doe" was acting within the course and scope of his employment with Defendants when he committed the alleged negligent acts. "John Doe" has not been sued. Additionally, had "John Doe" been sued, when determining whether there is diversity of citizenship between the parties, "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C.S. § 1441(b)(1).

9. Second, the amount in controversy requirement is satisfied, because Plaintiff's Original Petition states that she seeks monetary relief of greater than $200,000 but not more than 1,000,000. *See S.W.S. Erectors Inc. v. Infax Inc.*, 72 F.3d 489, 492 (5th Cir. 1996) (removing defendant can rely on plaintiff's statement of amount in controversy). Therefore, the amount in controversy requirement is greater than $75,000.

10. Defendant AM Associates was served on September 11, 2019. (Ex. C). Therefore, Defendant Arco/Murray Associates, Inc.'s notice of removal is timely, as it is filed within 30 days of service of Plaintiff's Original Petition. 28 U.S.C. §1446(b)

11. Copies of all pleadings, process, orders, and other filings in the state-court suit are attached to this notice as Exhibit B as required by 28 U.S.C. §1446(a).

12. Venue is proper in this district under 28 U.S.C. §1441(a), because the state court where the suit has been pending, the 345th District Court, Travis County, Texas, is located in this district and division.

13. Defendant AM Associates will promptly file a copy of this notice of removal with the clerk of the state court where the suit has been pending.

**C. Jury Demand**

14. Plaintiff did not demand a jury in the state-court suit. However, AM Associates demanded a jury in their Original Answer and paid the jury fee.

**D. Conclusion**

15. Defendant Arco/Murray Associates, Inc. has satisfied each of the requirements to properly remove this case under 28 U.S.C. § 1332, 1441, and 1446. Thus, there is diversity jurisdiction over this matter and removal is proper as set forth herein.

Respectfully submitted,

Justus M. Lindsey

Neal E. Pirkle
State Bar No. 00794464
Justus M. Lindsey
State Bar No. 24104183
of
NAMAN, HOWELL, SMITH & LEE, PLLC
400 Austin Ave., 8th Floor
P. O. Box 1470
Waco, Texas 76703-1470
(254) 755-4100
FAX (254) 754-6331

ATTORNEYS FOR DEFENDANT
ARCO/MURRAY ASSOCIATES, INC.

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the above and foregoing Notice of Removal has been served on counsel of record on this the 10th day of October, 2019.

Justus M. Lindsey

Justus M. Lindsey